UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ART DISTRIBUTION INC. d/b/a NTV AMERICA; and KOMANDA LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>ARIEL IMPEX LP; PINEBROOK IMPEX LP; and JOHN DOES 1 through 10,<br><br>    Defendants. | Civil Action No.<br>2:17-cv-05592 (WJM) (MF)<br><br>*Document electronically filed.* |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

Valentin D. Gurvits, Esq. (*pro hac vice* pending)
Matthew Shayefar, Esq. (*pro hac vice* pending)
**Boston Law Group, PC**
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1800
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

Evan Fray-Witzer (*pro hac vice* pending)
**Ciampa Fray-Witzer, LLP**
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Tel: 617-426-0000
Evan@CFWLegal.com

Justin T. Quinn, Esq.
**Robinson Miller LLC**
One Newark Center, 19th Floor
Newark, New Jersey 07102
Tel: 973-690-5400
jquinn@rwmlegal.com

*Attorneys for Defendants Ariel Impex LP and Pinebrook Impex LP*

- ii -

# TABLE OF CONTENTS

| Section | Page |
|---|---|
| Preliminary Statement | 1 |
| Factual Background | 2 |
| Legal Argument | 3 |
| I.  Plaintiffs Bear the Burden of Proving that Service was Proper | 3 |
| II. Plaintiffs Have Complied with Neither the Hague Convention nor the Federal Rules | 3 |
| Conclusion | 8 |

## TABLE OF AUTHORITIES

### Cases

*Brockmeyer v. May*,
   383 F.3d 798 (9th Cir. 2004) .......... 4-5

*Dee–K Enters. v. Heveafil Sdn. Bhd.*,
   174 F.R.D. 376 (E.D. Va. 1997) .......... 5

*Girafa.com, Inc. v. Smartdevil Inc.*,
   728 F.Supp.2d 537 (D. Del. 2010) .......... 6

*Grand Entm't Group v. Star Media Sales*,
   988 F.2d 476 (3d Cir. 1993) .......... 3

*The Knit With v. Knitting Fever, Inc.*,
   2010 WL 2788203, at *7 (D.N.J. July 13, 2010) .......... 4

*Kohar v. Wells Fargo Bank, N.A.*,
   2016 WL 1449580 (W.D. Pa. April 13, 2016) .......... 6

*Komanda LLC v. Kartina Canada Inc.*,
   Case No. 1:17-cv-02362-KBF, Docket No. 79 (S.D.N.Y. Nov. 27, 2017) .......... 1-2

*LT Game Intern. Ltd. v. DEQ Systems Corp.*,
   2013 WL 5536195 (D.N.J. Oct. 7, 2013) .......... 4-6

*Myers v. American Dental Ass'n*,
   695 F.2d 716 (3d Cir. 1982) .......... 3

*Prewitt Enters. v. OPEC*,
   353 F.3d 916 (11th Cir. 2003) .......... 5

*Res. Ventures, Inc. v. Res. Mgmt. Int'l*,
   42 F.Supp.2d 423 (D. Del. 1999) .......... 5

*Water Splash, Inc. v. Menon*,
   137 S. Ct. 1504, 197 L. Ed. 2d 826 (2017) .......... 4

### Statutes and Rules

Fed. R. Civ. P. 4 .......... 1-6

Fed. R. Civ. P. 12 .......... 1-2

### Foreign Laws and International Treaties

EU Regulation on Service .......... 7

| | |
|---|---|
| Court of Session Rules (Scotland) | 6 |
| The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents | 1-5, 7 |
| Sheriff Court Rules (Scotland) | 6 |

**Preliminary Statement**

Defendants Ariel Impex LP ("Ariel") and Pinebrook Impex LP ("Pinebrook," and together with Ariel, "Defendants"), by and through their undersigned counsel, hereby move pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure to dismiss the Complaint filed by Plaintiffs. As set forth herein, Plaintiffs have failed to comply with the provisions of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents[1] (the "Hague Convention") and Rule 4 of the Federal Rules of Civil Procedure when they claim to have served Defendants by sending a copy of the complaint and summons via mail from the United States.

Separately, although Defendants limit the present motion to addressing Plaintiffs' failure to effectuate proper service of process, this Court lacks personal jurisdiction over Defendants and Plaintiffs have failed to state a claim upon which relief can be granted. Without limitation, Defendants do not do business in this judicial district, nor does the Complaint in this matter provide sufficient factual allegations to support a finding of personal jurisdiction over Defendants. Furthermore, Plaintiffs fail to state a claim upon which relief can be granted because, *inter alia*, Plaintiffs fail to identify the specific works at issue which were allegedly infringed by each separate Defendant and fail to sufficiently allege that they have the proper rights to the works. *See*, *e.g.*, Complaint, ¶ 23 ("[O]wnership of and exclusive rights in the Copyrighted Content are transferred and assigned to Plaintiffs under Russian copyright law."). This is not an issue that should be new to Plaintiffs or their counsel, as a Federal Court in New York held, in an almost identical case, that Plaintiff Komanda LLC must show that it has rights in the works before the case is allowed to proceed. *See Komanda LLC v. Kartina Canada Inc.*, Case No. 1:17-cv-02362-

---

[1] A copy of the Hague Convention is attached as Exhibit 1 to the Declaration of Matthew Shayefar, filed herewith ["Shayefar Decl."].

KBF, Docket No. 79 (S.D.N.Y. Nov. 27, 2017) [attached as <u>Exhibit 2</u> to Shayefar Decl.].[2] Nonetheless, given that Plaintiffs haven't even properly served Defendants yet in this case, argument about these issues is premature and Defendants reserve their right to bring Motions to Dismiss pursuant to Rules 12(b)(2), 12(b)(3) and 12(b)(6) if they are ever properly served.[3]

As of today, however, despite alleging that they served Defendants pursuant to Article 10(a) of the Hague Convention and Rule 4(f)(1), Plaintiffs have not done so. Accordingly, the Court should dismiss the Complaint.

**Factual Background**

As taken from the allegations of Plaintiff in the Complaint in this matter, Defendant Ariel Impex LP ("Ariel") is a company organized and existing under the laws of the United Kingdom, with a head office in Scotland. Complaint, D.E. 1, ¶ 4. Defendant Pinebrook Impex LP ("Pinebrook") is also organized and exists under the laws of the United Kingdom, with its head office in Scotland. *Id.*, ¶ 5. Plaintiffs allege to have completed service of process on both of the Defendants pursuant to Federal Rule of Civil Procedure 4(f)(1) and Article 10(a) of the Hague Convention. Affidavit of Service by Mail Pursuant to Fed. R. Civ. P. 4(f)(1), D.E. 8, ¶ 4; Affidavit of Service by Mail Pursuant to Fed. R. Civ. P. 4(f)(1), D.E. 9, ¶ 4. Plaintiffs allege to have accomplished this solely by the actions of Mr. Gregory Moscow, an Investigative Analyst at Plaintiffs' counsel's office, who sent a copy of the Summons, Complaint and assorted other documents to Defendants' registered addresses in Scotland via First-Class Package International Service Registered Mail, with return receipt requested. *Id.*, ¶¶ 2, 4-6.

---

[2] The same attorneys represent the plaintiff in the New York case and Plaintiffs in this case.
[3] Defendants will gladly provide the Court with supplemental briefing on these issues if requested to do so.

**Legal Argument**

I.    **Plaintiffs Bear the Burden of Proving that Service was Proper**

The party asserting the validity of service bears the burden of proof on that issue. *Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993); *Myers v. American Dental Ass'n*, 695 F.2d 716, 725 n. 10 (3d Cir. 1982) (once a defendant has challenged the sufficiency of service of process, burden is placed upon party alleging inadequate service to prove service was proper). As such, the burden here is on the Plaintiffs to demonstrate that they have effectuated service in accordance with the applicable rules. This they cannot do.

II.    **Plaintiffs Have Complied with Neither the Hague Convention nor the Federal Rules**

Because Defendants are each business entities based outside the United States, service of process may be accomplished "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Plaintiffs claim that they rely on Rule 4(f)(1),[4] which states that a person "may be served at a place not within any judicial district of the United States ... by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

Plaintiffs then aver that they have accomplished service pursuant to Article 10(a) of the Hague Convention, which states that "Provided the State of destination does not object, the present Convention shall not interfere with – (a) the freedom to send judicial documents, by postal channels, directly to persons abroad." However, Article 10(a) of the Hague Convention does not create an ability to serve via postal channels – it only states that it may be done if otherwise

---

[4] As explained in further detail below, Plaintiffs have not accomplished service by any of the other provisions of Rule 4(f) either.

permitted. "Article 10(a) does not itself affirmatively authorize international mail service. It merely provides that the Convention 'shall not interfere with' the 'freedom' to use postal channels if the 'State of destination' does not object to their use." *Brockmeyer v. May*, 383 F.3d 798, 803-04 (9th Cir. 2004). *See*, *also*, *LT Game Intern. Ltd. v. DEQ Systems Corp.*, 2013 WL 5536195, at *1 (D.N.J. Oct. 7, 2013) (D.J. Martini) ("In the absence of controlling authority from the Third Circuit, the Court will adopt the Ninth Circuit's holding in *Brockmeyer* that Article 10(a) 'does not interfere with' service of process by international mail, so long as the receiving country does not object.... The Court also adopts *Brockmeyer*'s holding that service by mail, where permitted by Article 10(a), must still comply with the requirements of Federal Rule of Civil Procedure 4(f)."); *The Knit With v. Knitting Fever, Inc.*, 2010 WL 2788203, at *7 (D.N.J. July 13, 2010) (S.D.J. Buckwalter) (also applying *Brockmeyer*). The United States Supreme Court recently issued its guidance on this matter as well: "[I]n cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513, 197 L. Ed. 2d 826 (2017) (citing *Brockmeyer*, 383 F.3d at 803-04).

When attempting service of process under the Hague Convention through Rule 4(f)(1), the service is not performed through Article 10(a) of the Hague Convention, but instead through the systems and processes set forth in other portions of the Hague Convention and through each signatory country's "Central Authority." *See*, Hague Convention, Articles 3 through 6 (documents to be served must be forwarded to the Central Authority of the country addressed, which review the documents for compliance with the Hague Convention, then itself serve the documents by a method prescribed by its internal law or other compatible method, and thereafter returns a

certificate that the document has been served).  Plaintiffs have plainly not even attempted service in this manner.  To put it more bluntly: Plaintiffs "did not comply with Rule 4(f)(1) because rule 4(f)(1) does not provide a basis for service by mail." *LT Game Intern. Ltd.*, *supra* at * 2 (citing *Brockmeyer*, 383 F.3d at 804).

Accordingly, as set forth in the *Brockmeyer* case, and as followed in this Court and affirmatively cited by the Supreme Court, if Plaintiffs desire to rely upon Article 10(a) of the Hague Convention they must have also complied with at least one of the other provisions of Rule 4(f).  As briefly covered by the Court in *LT Game Intern. Ltd.*, there are a variety of methods of service permitted under Rule 4(f), none of which have been satisfied here:

> ... LT Game's service did not comply with the requirements of Rule 4(f).  It did not comply with Rule 4(f)(1) because Rule 4(f)(1) does not provide a basis for service by mail.  [*Brockmeyer*, 383 F.3d] at 804.  It did not comply with Rule 4(f)(2)(B) because LT Game did not send a letter rogatory or a letter of request.  It did not comply with Rule 4(f)(2)(C) because LT Game did not personally deliver the Complaint to DEQ and because the Clerk of the Court did not mail the Complaint.  Service did not comply with Rule 4(f)(3) because LT Game failed to obtain a court order authorizing service by mail.  Finally, service did not comply with Rule 4(f)(2)(A).  Rule 4(f)(2)(A) authorizes service "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction." *Brockmeyer* held that Rule 4(f)(2)(A) is restricted to personal service. *Brockmeyer*, 383 F.3d at 806–08.[5]  Even if Rule 4(f)(2)(A) is not limited to personal service, LT Game concedes that Canadian law does not permit corporations in Quebec to be served by mail....  Because LT Game failed to serve the Complaint in accordance with Rule 4(f), LT Game did not properly serve DEQ.

---

[5] The *Brockmeyer* court covered in length the question of whether service of process by mail to England should be permitted at all given exchanges between the British Embassy and the State Department, ultimately finding that it should not be permitted and finding no cases upholding service of process by international mail. *Brockmeyer*, 383 F.3d at 806-08.  Instead the Ninth Circuit found a number of cases *rejecting* service of process by international mail.  *See, e.g.*, *Prewitt Enters. v. OPEC*, 353 F.3d 916, 925 (11th Cir. 2003) (rejecting plaintiff's argument that Rule 4(f)(2)(A) authorized service of process on OPEC by international registered mail sent to Austria); *Res. Ventures, Inc. v. Res. Mgmt. Int'l*, 42 F.Supp.2d 423, 430 (D. Del. 1999) (holding that service of process by international registered mail to Indonesia was not an appropriate method of service under Rule 4(f)(2)(A)); *Dee–K Enters. v. Heveafil Sdn. Bhd.*, 174 F.R.D. 376, 378–79 (E.D. Va. 1997) (holding that rule 4(f)(2)(A) was inapplicable to authorize service of process by international mail to Indonesia or Malaysia).

*LT Game Intern. Ltd.*, *supra* at *2 (quashing service).

Just like in *LT Game Intern. Ltd.*, Plaintiffs here did not comply with Rule 4(f)(2)(B) because Plaintiffs did not send a letter rogatory or a letter of request. Plaintiffs did not comply with Rule 4(f)(2)(C) because Plaintiffs did not personally deliver the Complaint to Defendants[6] and because the Clerk of the Court did not mail the Complaint. Plaintiffs did not comply with Rule 4(f)(3) because Plaintiffs failed to obtain a court order authorizing service by mail.

Finally, Plaintiffs did not comply with Rule 4(f)(2)(A) because service by mail in the manner performed by Plaintiffs is not authorized by law in Scotland. Attached as Exhibit 3 to the Shayefar Decl. is correspondence from Ms. Elaine N Brailsford,[7] a solicitor enrolled with the Law Society of Scotland who is authorized to conduct litigation in Scotland and who has been qualified for 35 years. Ms. Brailsford explains that service of judicial documents in Scotland is governed by rule 16.4 of the Court of Session Rules and Rule 5.5 of the Sheriff Court Rules, which states that postal service is a permitted method of service, but only if it is executed by a "messenger-at-arms" or a "solicitor or a person having a right to conduct litigation in Scotland." Exhibit 3, p. 1. Mr. Brailsford also explains that "the only form of postal service available under the Rules of Court is first class recorded delivery." *Id.* Ms. Brailsford concludes that the rules of Scotland "do

---

[6] Moreover, this method of service is not available for business entities like Defendants because it is prohibited by Rule 4(h). Fed. R. Civ. P. 4(h) (a corporation may be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).").

[7] The Court may consider documents and information outside the four corners of the Complaint on a Motion to Dismiss for insufficient service of process. *See*, *e.g.*, *Kohar v. Wells Fargo Bank, N.A.*, 2016 WL 1449580 at *2 (W.D. Pa. April 13, 2016) (plaintiff bears the burden of proof on motion to dismiss for insufficiency of service of process and may use "affidavits, depositions, and oral testimony); *Girafa.com, Inc. v. Smartdevil Inc.*, 728 F.Supp.2d 537, 543 (D. Del. 2010) (taking into consideration affidavits in support of motion to dismiss for insufficient service of process).

**not** provide for international recorded delivery service" and that this method of service used by Plaintiffs should not have been used. *Id.*, p. 2.

Ms. Brailsford's recitations of law and conclusion are confirmed by publicly available information as well. Attached as Exhibit 4 to the Shayefar Decl. is a printout from the European Judicial Network setting forth the rules and procedures for service of process in Scotland. The European Judicial Network states that "Postal service of judicial documents may only be instructed by a solicitor, messenger-at-arms or sheriff officer...." *Id.*, ¶ 3(a). They continue on to state that "For summonses, writs etc coming into Scotland, in cases other than those processed under the EU Regulation on Service, or under the Hague Convention on Service and via the Central Authority, all of the specific rules and procedures in a-g apply [including that postal service must be performed by first class recorded delivery post]. For example, personal service of a summons issued in a country outside Scotland on a Defender in Scotland is only legitimate if it accords with Scottish court rules." *Id.*, ¶ 5.

Plaintiffs' counsel's investigative analyst, Mr. Gregory Moscow, attempted to serve Defendants via international service registered mail from the United States. Mr. Moscow does not affirm that he is a solicitor, messenger-at-arms or sheriff officer in Scotland, nor is there any evidence that he is.[8] Accordingly, Mr. Moscow did not have the authority to attempt to serve Defendants in Scotland via postal service. Moreover, even if Mr. Moscow is a solicitor, messenger-at-arms or a sheriff officer in Scotland, he did not post the Complaint and Summons via Scottish first class recorded delivery post, which is the only acceptable form of service in

---

[8] A printout of what appears to be Mr. Moscow's LinkedIn profile, as accessed on January 16, 2018, is attached as Exhibit 5 to the Shayefar Decl. No part of his profile indicates that he is or has ever had the training or job history to have been a solicitor, messenger-at-arms or a sheriff officer in Scotland.

Scotland. Instead he sent it via United States First-Class Package International Service Registered Mail. Therefore, no part of the attempted service by Plaintiffs was acceptable pursuant to Scottish law.

## Conclusion

Because Scottish law did not and does not permit Plaintiffs' counsel's investigative analyst to serve Defendants via international service registered from the United States, and because Plaintiffs have not complied with any of the other methods of service that may have been allowed, Plaintiffs failed to serve Defendants in accordance with Rule 4(f) and therefore Plaintiffs did not properly serve process on Defendants. Accordingly, the Complaint should be dismissed pursuant to Rule 12(b)(5).

Dated: January 17, 2018

                Respectfully Submitted,

                /s/ Justin T. Quinn
                Justin T. Quinn, Esq.
                **Robinson Miller LLC**
                One Newark Center, 19th Floor
                Newark, New Jersey 07102
                Tel: 973-690-5400
                jquinn@rwmlegal.com

                Matthew Shayefar, Esq. (*pro hac vice* pending)
                Valentin D. Gurvits, Esq. (*pro hac vice* pending)
                **Boston Law Group, PC**
                825 Beacon Street, Suite 20
                Newton Centre, Massachusetts 02459
                Tel: 617-928-1800
                matt@bostonlawgroup.com
                vgurvits@bostonlawgroup.com

                Evan Fray-Witzer (*pro hac vice* pending)
                **Ciampa Fray-Witzer, LLP**
                20 Park Plaza, Suite 505
                Boston, Massachusetts 02116
                Tel: 617-426-0000
                Evan@CFWLegal.com

                *Attorneys for Defendants Ariel Impex LP*
                *and Pinebrook Impex LP*

- 10 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this day I caused a true and correct copy of the foregoing documents to be served via ECF upon all counsel of record for the Plaintiffs.

Dated: January 17, 2018             By: s/ Justin T. Quinn
                                                                         Justin T. Quinn