# Exhibit 1



**14. CONVENTION ON THE SERVICE ABROAD OF
JUDICIAL AND EXTRAJUDICIAL DOCUMENTS
IN CIVIL OR COMMERCIAL MATTERS[1]**

*(Concluded 15 November 1965)*

The States signatory to the present Convention,

Desiring to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time,

Desiring to improve the organisation of mutual judicial assistance for that purpose by simplifying and expediting the procedure,

Have resolved to conclude a Convention to this effect and have agreed upon the following provisions:

Article 1

The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.

This Convention shall not apply where the address of the person to be served with the document is not known.

CHAPTER I — JUDICIAL DOCUMENTS

Article 2

Each Contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6.

Each State shall organise the Central Authority in conformity with its own law.

Article 3

The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality.

The document to be served or a copy thereof shall be annexed to the request. The request and the document shall both be furnished in duplicate.

Article 4

If the Central Authority considers that the request does not comply with the provisions of the present Convention it shall promptly inform the applicant and specify its objections to the request.

---

[1] This Convention, including related materials, is accessible on the website of the Hague Conference on Private International Law (www.hcch.net), under "Conventions" or under the "Service Section". For the full history of the Convention, see Hague Conference on Private International Law, *Actes et documents de la Dixième session (1964)*, Tome III, *Notification* (391 pp.).

## Article 5

The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either –
a)     by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or
b)     by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed.

Subject to sub-paragraph *(b)* of the first paragraph of this Article, the document may always be served by delivery to an addressee who accepts it voluntarily.
If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed.
That part of the request, in the form attached to the present Convention, which contains a summary of the document to be served, shall be served with the document.

## Article 6

The Central Authority of the State addressed or any authority which it may have designated for that purpose, shall complete a certificate in the form of the model annexed to the present Convention.
The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered. If the document has not been served, the certificate shall set out the reasons which have prevented service.
The applicant may require that a certificate not completed by a Central Authority or by a judicial authority shall be countersigned by one of these authorities.
The certificate shall be forwarded directly to the applicant.

## Article 7

The standard terms in the model annexed to the present Convention shall in all cases be written either in French or in English. They may also be written in the official language, or in one of the official languages, of the State in which the documents originate.
The corresponding blanks shall be completed either in the language of the State addressed or in French or in English.

## Article 8

Each Contracting State shall be free to effect service of judicial documents upon persons abroad, without application of any compulsion, directly through its diplomatic or consular agents.
Any State may declare that it is opposed to such service within its territory, unless the document is to be served upon a national of the State in which the documents originate.

## Article 9

Each Contracting State shall be free, in addition, to use consular channels to forward documents, for the purpose of service, to those authorities of another Contracting State which are designated by the latter for this purpose.
Each Contracting State may, if exceptional circumstances so require, use diplomatic channels for the same purpose.

## Article 10

Provided the State of destination does not object, the present Convention shall not interfere with –
a)     the freedom to send judicial documents, by postal channels, directly to persons abroad,

*b)*   the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

*c)*   the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

## Article 11

The present Convention shall not prevent two or more Contracting States from agreeing to permit, for the purpose of service of judicial documents, channels of transmission other than those provided for in the preceding Articles and, in particular, direct communication between their respective authorities.

## Article 12

The service of judicial documents coming from a Contracting State shall not give rise to any payment or reimbursement of taxes or costs for the services rendered by the State addressed.

The applicant shall pay or reimburse the costs occasioned by –-

*a)*   the employment of a judicial officer or of a person competent under the law of the State of destination,

*b)*   the use of a particular method of service.

## Article 13

Where a request for service complies with the terms of the present Convention, the State addressed may refuse to comply therewith only if it deems that compliance would infringe its sovereignty or security.

It may not refuse to comply solely on the ground that, under its internal law, it claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not permit the action upon which the application is based.

The Central Authority shall, in case of refusal, promptly inform the applicant and state the reasons for the refusal.

## Article 14

Difficulties which may arise in connection with the transmission of judicial documents for service shall be settled through diplomatic channels.

## Article 15

Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that –

*a)*   the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or

*b)*   the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,

and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.

Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled –

*a)*   the document was transmitted by one of the methods provided for in this Convention,

*b)*   a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,

*c)*   no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.

## Article 16

When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled –
a)     the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and
b)     the defendant has disclosed a *prima facie* defence to the action on the merits.

An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.
Each Contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment.
This Article shall not apply to judgments concerning status or capacity of persons.

CHAPTER II – EXTRAJUDICIAL DOCUMENTS

## Article 17

Extrajudicial documents emanating from authorities and judicial officers of a Contracting State may be transmitted for the purpose of service in another Contracting State by the methods and under the provisions of the present Convention.

CHAPTER III – GENERAL CLAUSES

## Article 18

Each Contracting State may designate other authorities in addition to the Central Authority and shall determine the extent of their competence.
The applicant shall, however, in all cases, have the right to address a request directly to the Central Authority.
Federal States shall be free to designate more than one Central Authority.

## Article 19

To the extent that the internal law of a Contracting State permits methods of transmission, other than those provided for in the preceding Articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions.

## Article 20

The present Convention shall not prevent an agreement between any two or more Contracting States to dispense with –
a)     the necessity for duplicate copies of transmitted documents as required by the second paragraph of Article 3,
b)     the language requirements of the third paragraph of Article 5 and Article 7,
c)     the provisions of the fourth paragraph of Article 5,
d)     the provisions of the second paragraph of Article 12.

## Article 21

Each Contracting State shall, at the time of the deposit of its instrument of ratification or accession, or at a later date, inform the Ministry of Foreign Affairs of the Netherlands of the following –
a)   the designation of authorities, pursuant to Articles 2 and 18,
b)   the designation of the authority competent to complete the certificate pursuant to Article 6,
c)   the designation of the authority competent to receive documents transmitted by consular channels, pursuant to Article 9.

Each Contracting State shall similarly inform the Ministry, where appropriate, of –
a)   opposition to the use of methods of transmission pursuant to Articles 8 and 10,
b)   declarations pursuant to the second paragraph of Article 15 and the third paragraph of Article 16,
c)   all modifications of the above designations, oppositions and declarations.


Article 22

Where Parties to the present Convention are also Parties to one or both of the Conventions on civil procedure signed at The Hague on 17th July 1905, and on 1st March 1954, this Convention shall replace as between them Articles 1 to 7 of the earlier Conventions.


Article 23

The present Convention shall not affect the application of Article 23 of the Convention on civil procedure signed at The Hague on 17th July 1905, or of Article 24 of the Convention on civil procedure signed at The Hague on 1st March 1954.
These Articles shall, however, apply only if methods of communication, identical to those provided for in these Conventions, are used.


Article 24

Supplementary agreements between Parties to the Conventions of 1905 and 1954 shall be considered as equally applicable to the present Convention, unless the Parties have otherwise agreed.


Article 25

Without prejudice to the provisions of Articles 22 and 24, the present Convention shall not derogate from Conventions containing provisions on the matters governed by this Convention to which the Contracting States are, or shall become, Parties.


Article 26

The present Convention shall be open for signature by the States represented at the Tenth Session of the Hague Conference on Private International Law.
It shall be ratified, and the instruments of ratification shall be deposited with the Ministry of Foreign Affairs of the Netherlands.


Article 27

The present Convention shall enter into force on the sixtieth day after the deposit of the third instrument of ratification referred to in the second paragraph of Article 26.
The Convention shall enter into force for each signatory State which ratifies subsequently on the sixtieth day after the deposit of its instrument of ratification.

Article 28

Any State not represented at the Tenth Session of the Hague Conference on Private International Law may accede to the present Convention after it has entered into force in accordance with the first paragraph of Article 27. The instrument of accession shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

The Convention shall enter into force for such a State in the absence of any objection from a State, which has ratified the Convention before such deposit, notified to the Ministry of Foreign Affairs of the Netherlands within a period of six months after the date on which the said Ministry has notified it of such accession.

In the absence of any such objection, the Convention shall enter into force for the acceding State on the first day of the month following the expiration of the last of the periods referred to in the preceding paragraph.

Article 29

Any State may, at the time of signature, ratification or accession, declare that the present Convention shall extend to all the territories for the international relations of which it is responsible, or to one or more of them. Such a declaration shall take effect on the date of entry into force of the Convention for the State concerned.

At any time thereafter, such extensions shall be notified to the Ministry of Foreign Affairs of the Netherlands.

The Convention shall enter into force for the territories mentioned in such an extension on the sixtieth day after the notification referred to in the preceding paragraph.

Article 30

The present Convention shall remain in force for five years from the date of its entry into force in accordance with the first paragraph of Article 27, even for States which have ratified it or acceded to it subsequently.

If there has been no denunciation, it shall be renewed tacitly every five years.

Any denunciation shall be notified to the Ministry of Foreign Affairs of the Netherlands at least six months before the end of the five year period.

It may be limited to certain of the territories to which the Convention applies.

The denunciation shall have effect only as regards the State which has notified it. The Convention shall remain in force for the other Contracting States.

Article 31

The Ministry of Foreign Affairs of the Netherlands shall give notice to the States referred to in Article 26, and to the States which have acceded in accordance with Article 28, of the following –

a)   the signatures and ratifications referred to in Article 26;
b)   the date on which the present Convention enters into force in accordance with the first paragraph of Article 27;
c)   the accessions referred to in Article 28 and the dates on which they take effect;
d)   the extensions referred to in Article 29 and the dates on which they take effect;
e)   the designations, oppositions and declarations referred to in Article 21;
f)   the denunciations referred to in the third paragraph of Article 30.

In witness whereof the undersigned, being duly authorised thereto, have signed the present Convention.

Done at The Hague, on the 15th day of November, 1965, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Netherlands, and of which a certified copy shall be sent, through the diplomatic channel, to each of the States represented at the Tenth Session of the Hague Conference on Private International Law.

Exhibit
2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

KOMANDA LLC,                              :

                            Plaintiff,          :

                                    :

                   -v-                        :          17-cv-2362 (KBF)

                                    :

KARTINA CANADA INC., ONLINE ETHNIC :          ORDER
TV SERVICES, INC., NASH DOM, INC.,        :
GENNADY BEYN, and JOHN DOES 1 through :
10,                                       :

                                  :

                     Defendants.           :

------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: <u>November 27, 2017</u>

KATHERINE B. FORREST, District Judge:

      Currently pending before the Court are defendants' respective motions to

dismiss the Second Amended Complaint.  (ECF Nos. 60, 64.)  The primary issues

raised in those motions are whether plaintiff has alleged with sufficient

particularity, <u>inter alia</u>, that it owns rights to specific copyrighted works, what

those works are, and what the nature/scope of its rights are.  (<u>See generally</u> Mem. of

Law in Support of Defs.' Mot. to Dismiss ("Kartina Mem."), ECF No. 61; Mem. of

Law in Support of Def.'s Mot. to Dismiss ("Nash Mem."), ECF No. 66.)

      Although the Court agrees that plaintiff's Second Amended Complaint is not

a model of clarity, it concludes that immediate discovery can allow for resolution on

a fuller record, or demonstrate more robust merit.  Accordingly, the Court

CONDITIONALLY DENIES defendants' respective motions to dismiss (ECF Nos.

60, 64) and directs the parties to proceed as follows:

- The Court directs the parties to engage in immediate, limited discovery as set forth below, and then inform the Court as to whether a motion for summary judgment under Fed. R. Civ. P. 56 is appropriate, or whether full discovery needs to proceed.

  o Plaintiff is directed to produce forthwith (and in any event in connection with its Rule 26 disclosures) documents that sufficiently support its rights to each work that is the subject of the suit (including all contractual agreements, in English), and documents supporting when specific programs associated with those works were aired. Plaintiff is directed to produce those materials not later than **January 1, 2018**.

  o Defendants are directed to, within 21 days of receiving plaintiff's production detailed above, review the production and, if necessary, "test" the sufficiency of same (by deposition or otherwise).

  o If defendants determine that plaintiff's production is insufficient to sustain its claims for copyright infringement, they are directed to renew their motions to dismiss as ones for summary judgment. Defendants are directed to inform the Court via letter submission whether they intend to move for summary judgment not later than **Monday, January 22, 2018**.

- The initial pretrial conference ("IPTC") previously scheduled for December 7, 2017 at 1:00 p.m. is hereby ADJOURNED pending receipt of

defendants' letter detailed above.

The Clerk of Court is directed to terminate the open motions at ECF Nos. 60 and 64.

SO ORDERED.

Dated:     New York, New York
           November 27, 2017

_____
KATHERINE B. FORREST
United States District Judge

# Exhibit
# 3



OUR REF  ENB
YOUR REF
21December 2017

Val Gurvits
Boston Law Group
825 Beacon Street
Suite 20
Newton Centre
MA 02459

Dear Sirs

**ART DISTRIBUTION INC d/b/a NTV AMERICA and KOMANDA LLC V ARIEL IMPEX LP;PINEBROOK IMPEX LP;and JOHN DOES 1 through 10**
**Case No: 17-cv-5592**

I have been asked to confirm whether service of process on Ariel Impex LP having its registered office at 12 South Bridge, Suite 1, Edinburgh Scotland EH1 1DD by means of First Class Package International Service Registered mail is a method of service permitted in Scotland.

I am a solicitor enrolled with the Law Society of Scotland authorised to conduct litigation in Scotland.  I have been qualified for 35 years.

Service of judicial documents in Scotland is governed by Scottish Rules of Court (The Rules of the Court of Session and the Rules of the Sheriff Court). In particular in terms of rule 16.4 of the Court of Session Rules and Rule 5.5 of the Sheriff court Rules.  Postal service is a permitted method of service but only if executed by
    (a)  A messenger - at-arms or
    (b)  An agent
posting a copy of the document to be served by registered post or the first class recorded delivery service addressed to the person on whom service is served.

An agent in this rule means a solicitor or a person having a right to conduct litigation in Scotland.

Registered Post is no longer provided by the UK Post Office and so the only form of postal service available under the Rules of Court is first class recorded delivery.

**5th Floor, 1 Exchange Crescent**
**Conference Square**
**Edinburgh EH3 8UL**
**DX 551970 Edinburgh 53**
**T +44 (0)131 228 9900**
**F +44 (0)131 228 1222**

1 West Regent Street
Glasgow
G2 1RW
DX GW409 Glasgow
T +44 (0)141 566 9900
F +44 (0)141 565 1222

Condor House
10 St. Paul's Churchyard
London EC4M 8AL
DX 98945 Cheapside 2
T +44 (0)20 7429 4900
F +44 (0)20 7329 5939

Commercial House
2 Rubislaw Terrace
Aberdeen AB10 1XE
DX AB103 Aberdeen 1
T +44 (0)1224 621 166
F +44 (0)1224 623 103

shepwedd.com

Shepherd and Wedderburn LLP is a limited liability partnership incorporated in Scotland with number SO300895.  Registered office and principal place of business: 5th Floor, 1 Exchange Crescent, Conference Square, Edinburgh EH3 8UL. The term partner in relation to Shepherd and Wedderburn LLP is used to refer to a member of Shepherd and Wedderburn LLP.  A list of the names of the members is available for inspection at the principal place of business.  All correspondence signed by a named individual is signed for and on behalf of Shepherd and Wedderburn LLP. Shepherd and Wedderburn LLP is a UK law firm practising in Scotland and England. Details of the country or jurisdiction in which the firm's lawyers are professionally qualified are set out at shepwedd.com/legal-notices. Shepherd and Wedderburn LLP is regulated by the Law Society of Scotland and is authorised and regulated by the Solicitors Regulation Authority (with number 447895).

L10308.1052-06 60780513 1 SFH

The Rules do **not** provide for international recorded delivery service and thus this service may not be used for service abroad.

Yours faithfully

Elaine N Brailsford
Partner
For and on behalf of Shepherd and Wedderburn LLP
Elaine.brailsford@shepwedd.com
T  0131 473 5287

# Exhibit
4




**European Judicial Network**
in civil and commercial matters

## Service of documents - Scotland

### TABLE OF CONTENTS

1 What does the legal term "service of documents" mean in practical terms? Why are there specific rules regarding the "service of documents"?

2 Which documents need to be served formally?

3 Who is responsible for serving a document?

4 Address inquiries

4.1 Under Regulation (EC) No 1393/2007 of the European Parliament and of the Council of 13 November 2007 on the service in the Member States of judicial and extrajudicial documents in civil or commercial matters, does the requested authority in this Member State on its own initiative, try and establish the whereabouts of the addressee of the documents to be served if the addressee no longer resides at the address known to the requesting authority?

4.2 Do foreign judicial authorities and/or parties to judicial proceedings have access to registers or services in this Member State enabling the establishment of the person's current address? If yes, which registers or services exist and what procedure must be followed? What fee, if any, should be paid?

4.3 How do the authorities in this Member State deal with a request sent under the Council Regulation (EC) No. 1206/2001 of 28 May 2001 on cooperation between the courts of the Member States in the taking of evidence in civil or commercial matters aimed at discovering a person's current address?

5 How is the document normally served in practice? Are there alternative methods which may be used (other than substituted service referred to in point 7 below)?

6 Is electronic service of documents (service of judicial or extrajudicial documents through remote means of electronic communication, such as e-mail, internet based secured application, fax, sms etc.) permitted in civil proceedings? If so, for which types of proceedings is this method foreseen? Are there restrictions with regard to the availability/access of this method of service of documents depending on who the addressee is (legal professional, legal person, company or other business actor, etc.)?

7 'Substituted' service

7.1 Does the law of this Member State allow for other methods of service in cases where it has not been possible to serve the documents to the addressee (e.g. notification to the home address, to the bailiff office, by postal service, or by poster advertising)?

7.2 If other methods are applied, when are the documents deemed to have been served?

7.3 If another method of service is the deposit of the documents in a particular place (e.g. at a post office) how is the addressee informed of that deposit?

7.4 If the addressee refuses to accept service of the documents, what are the consequences? Are the documents regarded as effectively served if the refusal wasn't legitimate?

8 Postal service from abroad (Article 14 of the Service Regulation)

8.1 If the postal service delivers a document sent from abroad to an addressee in this Member State in a situation where acknowledgment of receipt is required (Article 14 of the Service Regulation), does the postal service deliver the document only to the addressee himself/herself or may it, in accordance with national rules of postal delivery, deliver the document also to another person at the same address?

8.2 Under the rules of postal delivery in this Member State how can the service of documents from abroad, under Article 14 of the Service Regulation No. 1393/2007, be effected if neither the addressee nor any other person authorised to receive the

delivery (if possible under national rules of postal delivery – see above) has been reached at the address of delivery?

8.3 Does the post office allow a specific period of time for collection of the documents before sending the documents back as undelivered? If yes, how is the addressee informed that there is mail for him to collect at the post office?

9 Is there any written proof that the document has been served?

10 What happens if something goes wrong and the addressee does not receive the document or the service is effected in violation of the law (e.g. the document is served on a third person)? Can the service of the document nevertheless be valid (e.g. can violations of the law be remedied) or must a new effort to serve the document be made?

11 Do I have to pay for service of a document, and if so, how much?

### 1 What does the legal term "service of documents" mean in practical terms? Why are there specific rules regarding the "service of documents"?

In practical terms, "service of documents" is commonly understood to refer to the actual receipt of the summons or other document by the Defender, so that the Defender is notified of the court case or decision and/or summoned, and is aware of the relevant court deadlines.

Court rules are intended to ensure that justice for the Defender is not prejudiced, and that the Defender receives the required papers and notification of impending court dates, all within at least the minimum time period allowed. The Sheriff/Judge will normally require proof of service before adjudicating on a case.

### 2 Which documents need to be served formally?

In general documents which need to be served formally:

• A letter giving the Defender notice that court action will be instigated if he does not respond to that letter.

• initial writ/summary cause summons etc.

• certain documents while the case is progressing through court.

• notification of judgment/decree.

• charge for payment (step before enforcement action).

• documents in respect of any enforcement procedure.

Certain types of civil procedure require further, specific documents to be served.

More information can be found in Chapter 16 of the ⧉ Court of Session Rules, Chapter 5 of the ⧉ Sheriff Court Ordinary Cause Rules, Chapter 5 of the ⧉ Summary Cause Rules and Chapter 6 of the ⧉ Small Claims Rules.

### 3 Who is responsible for serving a document?

a. Extra-judicial documents, such as a letter prior to court action, and judicial documents, such as writs or summonses can be served by post (first class recorded delivery). In this case, the document is taken to the Defender's dwellinghouse/place of business by a postal worker, who obtains a signature acknowledging receipt. Postal service of judicial documents may only be instructed by a solicitor, messenger-at-arms or sheriff officer, or in certain cases under the small claims procedure by the Sheriff Clerk.

b. If these documents are to be served personally, this is done by a messenger-at-arms or a sheriff officer (the nearest Scottish equivalent of the French 'huissier de justice').

c. Charges for payment and most other documents in respect of enforcement procedure are served personally, again by a messenger-at-arms or sheriff officer.

### 4 Address inquiries

**4.1 Under Regulation (EC) No 1393/2007 of the European Parliament and of the Council of 13 November 2007 on the service in the Member States of judicial and extrajudicial documents in civil or commercial matters, does the requested authority in this Member State on its own initiative, try and establish the whereabouts of the addressee of the documents to be served if the addressee no longer resides at the address known to the requesting authority?**

As the UK does not have a domicile register in the way that many other Member States do, it is not possible for the requested authority in Scotland to obtain an address for the person on whom the documents are to be served. However where documents are to be served on a company and when recipients at the given address refuse to accept service the receiving agency in Scotland is able to establish the registered address of the company (if different) and can serve the documents at that address.

**4.2 Do foreign judicial authorities and/or parties to judicial proceedings have access to registers or services in this Member State enabling the establishment of the person's current address? If yes, which registers or services exist and what procedure must be followed? What fee, if any, should be paid?**

As mentioned before, there is no domicile register in the United Kingdom. To find the address of a person it is necessary to use agents who can trace individuals or make use of a number of websites that have some details of addresses. The following list is not exhaustive but shows some examples of the types of websites that are available. Some, such as a search of telephone records (the first link), are free. For others it is necessary to pay a fee.

Phone records from 🔗 British Telecommunications.

Address finders at 🔗 192, 🔗 UKRoll

Trace people at 🔗 Tracesmart

To find the registered office of a company a search can be made of the website of 🔗 Companies House. Some searches for companies are available for free but more detailed searches require a fee to be paid.

**4.3 How do the authorities in this Member State deal with a request sent under the Council Regulation (EC) No. 1206/2001 of 28 May 2001 on cooperation between the courts of the Member States in the taking of evidence in civil or commercial matters aimed at discovering a person's current address?**

No it would not be possible to request an address in Scotland via Council Regulation (EC) No. 1206/2001.

**5 How is the document normally served in practice? Are there alternative methods which may be used (other than substituted service referred to in point 7 below)?**

a. Postal Service - by first class recorded delivery post.

b. Personal Service - by messenger-at-arms or sheriff officer personally, on the Defender.

c. Personal Service- left with fellow resident/employee at dwellinghouse/place of business.

If after diligent enquiries, messengers-at-arms or sheriff officers consider that reasonable grounds are established for believing that the Defender resides at the address on the summons, papers may be left with a fellow resident of the dwellinghouse/employee of business.

d. Personal Service - in cases other than those where there is an individual Defender (ie other legal entity such as registered company).

Personal service can be effected by leaving the summons in the hands of an individual in, for example, the place of business in such a way that it is reasonable to expect an actual legal representative of the Defender to receive the summons.

e. Personal Service - depositing/affixing

Where messenger-at-arms/sheriff officer has been unable to effect personal service on the Defender, he may either

• deposit the summons in dwellinghouse/place of business

• affix the summons to the door of the dwellinghouse/place of business.

f. Where the address is not known - The Sheriff/Judge may grant permission for service by means of:

• publication of an advertisement in a local newspaper circulating in the area of the last-known address of the Defender

• displaying on the walls of court a copy of the initial writ/ summons.

g. There are no provisions at present for service of a writ or summons, decree or charge for payment by means of fax or e-mail. However, some other documents which require to be intimated in the course of certain proceedings may be transmitted electronically or in any documentary form.

h. For service of persons outside Scotland see Chapter 16 of the 🔗 Court of Session Rules, Chapter 5 of the 🔗 Sheriff Court Ordinary Cause Rules, Chapter 5 of the 🔗 Summary Cause Rules and Chapter 6 of the 🔗 Small Claims Rules.

(For summonses, writs etc coming into Scotland, in cases other than those processed under the EU Regulation on Service, or under the Hague Convention on Service and via the Central Authority, all of the specific rules and procedures in a-g apply. For example, personal service of a summons issued in a country outside Scotland on a Defender in Scotland is only legitimate if it accords with Scottish court rules.)

i. In all cases where service is effected other than by the court itself, a certificate of execution of service must be lodged in process, signed by the Pursuer's solicitor, messenger-at-arms or sheriff officer.

**6 Is electronic service of documents (service of judicial or extrajudicial documents through remote means of electronic communication, such as e-mail, internet based secured application, fax, sms etc.) permitted in civil proceedings? If so, for which types of proceedings is this method foreseen? Are there restrictions with regard to the availability/access of this method of service of documents depending on who the addressee is (legal professional, legal person, company or other business actor, etc.)?**

See answer 5 g above.

### 7 'Substituted' service

**7.1 Does the law of this Member State allow for other methods of service in cases where it has not been possible to serve the documents to the addressee (e.g. notification to the home address, to the bailiff office, by postal service, or by poster advertising)?**

Where requests are received from other Member States the normal method of service in Scotland is personally by a Messenger at Arms at the last known address or their place of business. Other methods of delivery are available under Scots law, however they are not used by the Central Authority for the service of documents.

**7.2 If other methods are applied, when are the documents deemed to have been served?**

As stated above in Scotland the only method for serving documents used by the Central Authority is delivery by a Messenger at Arms.

**7.3 If another method of service is the deposit of the documents in a particular place (e.g. at a post office) how is the addressee informed of that deposit?**

Deposit of documents in a particular place (e.g. a post office) is not an alternative method of service in Scotland.

**7.4 If the addressee refuses to accept service of the documents, what are the consequences? Are the documents regarded as effectively served if the refusal wasn't legitimate?**

Provided a proper method of service has been used then the deemed service date applies whether or not the addressee accepts service. The only exception being those allowed for in Article 8(1) and Annex II of the Regulation in relation to the document being in a language that the address understands.

### 8 Postal service from abroad (Article 14 of the Service Regulation)

**8.1 If the postal service delivers a document sent from abroad to an addressee in this Member State in a situation where acknowledgment of receipt is required (Article 14 of the Service Regulation), does the postal service deliver the document only to the addressee himself/herself or may it, in accordance with national rules of postal delivery, deliver the document also to another person at the same address?**

Registered delivery by the Royal Mail (the UK postal service) is to the address rather than the individual. Therefore it is possible that someone other than the addressee will receive the documents if they live at the same address.

**8.2 Under the rules of postal delivery in this Member State how can the service of documents from abroad, under Article 14 of the Service Regulation No. 1393/2007, be effected if neither the addressee nor any other person authorised to receive the delivery (if possible under national rules of postal delivery – see above) has been reached at the address of delivery?**

If nobody at the requested address is available to sign for the documents they are returned to the postal office local to the address. If they are not collected within the deadlines (see below) they are returned to the sender.

**8.3 Does the post office allow a specific period of time for collection of the documents before sending the documents back as undelivered? If yes, how is the addressee informed that there is mail for him to collect at the post office?**

1/16/2018                          European Justice - Portal - Service of documents in civil matters

Where delivery has not been possible at the address a card is left with notification of the attempted delivery. This card tells the addressee from where the documents can be collected and the time limit within which he/she should collect them. For registered post originating within the UK the documents should be collected within 1 week. For international registered post the deadline is three weeks.

**9 Is there any written proof that the document has been served?**

a. For postal service, see above. Postage is by first class recorded delivery. The certificate of execution of service, including the Post Office receipt, is required by the court as proof of service.

b. For personal service, messenger-at-arms/sheriff officer will produce a certificate of execution of service, signed by participating officers and describing method of service.

c. For certification in outgoing actions outside Scotland, see the relevant sections of court rules, as mentioned previously. Again, for summonses etc coming into Scotland, all the rules in a. and b. apply.

**10 What happens if something goes wrong and the addressee does not receive the document or the service is effected in violation of the law (e.g. the document is served on a third person)? Can the service of the document nevertheless be valid (e.g. can violations of the law be remedied) or must a new effort to serve the document be made?**

The Sheriff/Judge needs to be satisfied that service has been effected correctly and fairly on the Defender before adjudication on a case can take place. Service needs to be completed satisfactorily, otherwise the Defender would legitimately have recourse to an action to recall any decree awarded on the basis that the action was taken without the option to defend it, or even be notified of it. If however it is apparent that the Defender learned about the action because he appeared in it, then his appearance will cure any defect in service.

**11 Do I have to pay for service of a document, and if so, how much?**

Postal service: First class recorded delivery post at current costs.

If postal service is effected by a messenger-at-arms or sheriff officer, there is an additional fee payable to them, fixed by legislation depending on the circumstances of the case.

Personal service: Fees charged by messenger-at-arms/sheriff officer are fixed by legislation depending on the circumstances of the case.

---

**The national language version of this page is maintained by the respective EJN contact point. The translations have been done by the European Commission service. Possible changes introduced in the original by the competent national authority may not be yet reflected in the translations. Neither the EJN nor the European Commission accept responsibility or liability whatsoever with regard to any information or data contained or referred to in this document. Please refer to the legal notice to see copyright rules for the Member State responsible for this page.**

Last update: 09/01/2018

Exhibit
5

Search

Try Premium for Free

UC Irvine Online MBA - Part-time hybrid MBA combines online & on-campus courses. Learn more! Ad

# Gregory Moscow • 3rd

Paralegal at Lewis Baach

Lewis Baach Kaufmann Middlemiss PLLC • Macalester College

New York, New York • 326

Send InMail

## Experience

**Paralegal**
Lewis Baach Kaufmann Middlemiss PLLC
Jun 2013 – Present • 4 yrs 8 mos
Greater New York City Area

**Field Organizer**
Julian Schreibman for Congress
Apr 2012 – Nov 2012 • 8 mos
Kingston NY

**Interim Office Manager**
Sustainable Forestry Initiative, Inc.
Jul 2011 – Dec 2011 • 6 mos

**Paid Intern**
United States Senate
May 2008 – Aug 2008 • 4 mos

I attended briefings on healthcare, education and environmental issues and wrote memos to the appropriate staff members in Senator John Kerry's office. In addition, I gave tours, answered phones, and did general office work.

**Volunteer**
Richardson for President
2007 – 2008 • 1 yr

**Scheduling Intern**
United States Senate
Sep 2007 – Dec 2007 • 4 mos

I worked with the scheduler for Senator Amy Klobuchar, helping plan Senator Klobuchar's schedule for trips back to Minnesota. I also wrote briefing memos for the stops she made while touring the state, answered phones, and responded to mail.

Contact and Personal Info
Gregory's Profile
Show more

Get the latest jobs and industry news
Matthew, explore relevant opportunit
with **Latham & Watkins**
Follow

People Also Viewed

**Peter Tillman** • 3rd
Independent Consultant at Gate
Foundation U.S. Poverty and Mc
Learning Initiative

**Murat Dagli** • 3rd
Research Assistant at The Johns
Hopkins University - Paul H. Nitz
School of Advanced Internationa
Studies (SAIS)

**Allison White** • 2nd
Development Officer at Internat
Peace Institute

**Jodie Liu** • 3rd
J.D. Candidate at Harvard Law S

**Alice Buttrick** • 3rd
Judicial Law Clerk at Hon. Gerar
Lynch, US Court of Appeals, Seco
Circuit

**Jay Chittooran** • 3rd
Trade/Energy Economics Analys

**Curran Kennedy** • 3rd
Senior Communications Officer
at Columbia University

**Asch Harwood** • 3rd
Innovation, Technology, Design,
International Development

**Madison Schramm** • 3rd
PhD Candidate Georgetown Uni

**Minh V Hua**
Mechanical Engineering Manage
Hospira

Popular courses on LinkedIn Learning

Word 2013: Styles in I

Messaging

Search

Try Premium for Free

## Education

**Macalester College**
Bachelor of Science (BS), Political Science and Government
2005 – 2009

**Collegiate School**
1992 – 2005

## Featured Skills & Endorsements

**Public Policy** · 9 — Endorsed by **Jonathan Winer and 1 other who is highly skilled at this**

**Politics** · 5 — **Dan Epstein and 4 connections** have given endorsements for this skill

**Policy Analysis** · 4 — **Dan Epstein and 3 connections** have given endorsements for this skill

See 13 more skills

## Interests

**Collegiate School Alumni**
958 members

**Lewis Baach Kaufmann Middlemis…**
266 followers

**Macalester College**
17,526 followers

**Macalester College Alumni and Fri…**
5,914 members

**Macalester College**
18,672 followers

onp
me
ore

**Are You A Veteran?**
Top Companies Want To Hire Y
Get Access To Jobs For Vetera
Now.

**Attorney Needed ASAP**
Crucial need for local attorney i
your area. View new cases toda

LinkedIn
About
Community Guidelines
Privacy & Terms
Send feedback
LinkedIn Corporation © 2018

Questions?
Visit our Help Center.

Manage your account and privacy.
Go to your Settings.

Select Language
English (English)



